```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

JOSEPH F. KENNEDY,

                    Plaintiff,

            -against-

COUNTRIES OF: ENGLAND; FRANCE;
GERMANY; RUSSIA; ITALY; SPAIN; CANADA;
CHINA; JAPAN; AZERBAIJAN; KAZAKHSTAN;
UZBEKISTAN; TAJIKISTAN; UKRAINE;
BYELORUSSIA; GEORGIA; LATVIA; LITHUANIA;
MOLDOVA; TURKMENISTAN; ARMENIA;
ESTONIA; KIRGIZISTAN; AUSTRALIA;
AUSTRIA; BELGIUM; BRAZIL; MEXICO; ISRAEL;
ARGENTINA; DENMARK; FINLAND; SWEDEN;
SWITZERLAND; SAUDI ARABIA; NETHERLAND;
INDIA; GREECE; CHILE; CUBA; PORTUGAL;
POLAND; SCOTLAND; TAIWAN; HONG KONG;
S. KOREA; IRELAND; ICELAND; HUNGARY;
ROMANIA,

                    Defendants.
------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 5 2013 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
13-CV-988 (CBA)

AMON, Chief United States District Judge:

Plaintiff Joseph F. Kennedy filed this *pro se* action on February 22, 2013. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed for the reasons stated below.

## BACKGROUND

Plaintiff has again filed a nonsensical, frivolous complaint.[1] In the instant action, plaintiff

---

[1] Plaintiff has filed five other nonsensical complaints in this court that were all dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Kennedy v. USA, 13-CV-657 (CBA) (dismissed February 28, 2013); Kennedy v. USA, 13-CV-287 (CBA) (dismissed January 23, 2013); Kennedy v. USA, 12-CV-5105 (CBA) (dismissed January 2, 2013); Kennedy v. Country of Israel, 05-CV-4436 (CBA) (dismissed October 25, 2005); Kennedy v. Country of Venezuela, 05-CV-3539 (CBA) (dismissed August 1, 2005).

1

names 50 countries as defendants and states, *inter alia*, that

> [a]ll Defendants, countries Presidents and news agencies are speaking secret code languages. They know that Michael Phelps's all gold medals are meaning all Plaintiff's Noble prizes, all Phelps' victories was set up. Same as victories of Maria Sharapova, Serena Williams and Jokovich. From Russian criminal language, the swimming person, the person who runs the organization, but his name not on the list, like Puppeteer. All famous sportsmen belong to 'Holocaust Jews' mafia (for instance Sandusky trial).

Compl. at 2, ¶ 4.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Supreme Court has recognized that the term frivolous embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490

2

U.S. 319, 325 (1989). A court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33. Here, again, plaintiff's pleadings are irrational and incredible. As was the case in his previous filings, plaintiff's allegations—even under the very liberal reading we accord *pro se* pleadings (and even if plaintiff himself believes them to be true)—can only be described as delusional and fantastic. See id. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed.

## FILING INJUNCTION

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 122 (2d Cir. 2000) (internal quotation marks omitted) (alteration in original). As part of this power, the court may enter an injunction preventing a litigant from future filing in the venue without permission from the Court where the litigant "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (internal quotation marks omitted). The court, however, "'may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.'" Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

In light of plaintiff's litigation history, he is ordered to show cause by affirmation why he

3

should not be barred from filing any further *in forma pauperis* actions in the Federal Court for the Eastern District of New York without first obtaining permission from the Court to do so. Plaintiff shall submit to this Court, within thirty (30) days of the date of this Order, his written affirmation setting forth good cause why this injunction should not be imposed upon him. Should plaintiff fail to submit his affirmation within the time allowed, or should plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, Kennedy shall be barred from filing any further *in forma pauperis* actions in this Court without first obtaining permission from this Court to do so.

## CONCLUSION

For the reasons set forth above, this action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Further, plaintiff is ordered to show cause, within thirty (30) days from the date of this Order, why he should not be barred from filing new actions under the *in forma pauperis* statute without first obtaining the Court's permission. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
March 5, 2013